**William and Linda KNISLEY, Horace and Julia Johnson, Clara Daniels and Sandra Thrasher, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**Loren E. MONROE, Director of the Michigan Department of Treasury, Defendant.**

**No. K 82–4.**

United States District Court, W. D. Michigan, S. D.

March 18, 1982.

---

**850**

Edward J. Hoort, Detroit, Mich., William L. Coash, Battle Creek, Mich., for plaintiffs.

Robert C. Ward, Jr., Asst. Atty. Gen., Lansing, Mich., for defendant.

## OPINION

ENSLEN, District Judge.

Plaintiffs brought this action on behalf of themselves and others similarly situated to enjoin Defendant from "absconding" with income tax refunds or property tax credits due individuals without providing for due process as required by the Fourteenth Amendment. That is, Plaintiffs seek to enjoin Defendant from withholding income tax refunds or homestead property tax credits without proper notice and the opportunity for a hearing. They contend that Defendant is transferring these funds to other state agencies in payments of debts Plaintiffs allegedly owe.

Defendant has filed a Motion to Dismiss although he did not file a brief in support of this Motion as required by local court rule. Defendant contends that dismissal is warranted under the circumstances of this case because no federal question is presented, because the requisite jurisdictional amount is lacking, and because Defendant has acted in accordance with state statute. An affidavit filed by Thomas Hoatlin, a Deputy Commissioner of Revenue in the Revenue Division of the Department of the Treasury states that Michigan statutes, M.S.A. § 3.121, M.S.A. § 3.122 and M.S.A. § 3.140(1) [M.C.L.A. §§ 13.17, 13.18, 12.41] require the state treasurer to set-off any sums that are due to the State providing the amount is liquidated either by agree-

ment of the debtor or by judgment obtained against the person making the claim. Additionally, 1976 P.A. 530 allows the Department of Treasury to offset a property tax credit against a liability outstanding on the books of the State against a claimant. Defendant, in the affidavit supporting his position, claims that the funds withheld from Plaintiffs and transferred to other agencies were either transferred because there was a prior child support order entered by a Michigan court or the person had signed an agreement acknowledging the debt which was the subject of the set-off in this action.

Defendant acknowledges that a mistake has been made in one instance in which the earnings of Julia Johnson were withheld on the basis of her husband's liability for back child support although Defendant indicates that this mistake could easily have been rectified if Plaintiff would have contacted either the Department of Treasury or the agency involved, and will be corrected during this litigation.

■ Plaintiffs correctly argue that an allegation that the right to due process has been violated presents a federal question and that the construction of the constitutionality of state statutes is within the jurisdiction of the federal court. Additionally, Plaintiffs state that there is no jurisdictional requirement for claims filed under 28 U.S.C. § 1343 and that 28 U.S.C. § 1331 was amended in 1980 to eliminate the jurisdictional requirement.

■ Resolution of the issue of whether the administrative procedures provided are constitutionally sufficient requires analysis of the governmental interest as well as the private interest affected. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The nature of the private interest that will be affected by the official action, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value if any of additional or substitute procedural safeguards must be considered in conjunction with the government function involved and the fiscal and administrative burdens that the additional or substitute procedures would necessitate. *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

These decisions underscore the truism that "'(d)ue process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895, 81 S.Ct. 1743 [1748], 6 L.Ed.2d 1230 (1961). "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334, 96 S.Ct. at 902.

■ *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) stresses that the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." I note that while Mr. Hoatlin's affidavit expresses the position that Plaintiffs were notified that the funds *would be* transferred to satisfy the liability alleged, the exhibits that Defendant listed in support of this position indicated that the funds *had been* transferred at the time the notice was sent to Plaintiffs. (Paragraphs 4, 7, 11, and 15, Hoatlin Affidavit; Defendant Exhibits B, C, F, I). Thus, the issue before the Court is whether notice given after the fact that the funds have been transferred satisfies the due process requirement of the Fourteenth Amendment as a matter of law. Defendant has cited no law to support the contention that this action is permissible other than to state that Michigan statute permits it. The statute is silent about the procedural requirements of notice and hearing. The case law indicates that a person is not precluded from complaining that the taking of his property conformably to state legislation to satisfy an alleged debt or obligation was without the notice essential under the due process clause, merely because, in his particular case, due process of law would yield the same result since the Plaintiffs had no adequate defense on the merits. *Coe v. Armour Fertilizer Works*, 237 U.S. 413, 35 S.Ct. 625, 59 L.Ed. 1027 (1914). *Board of Re-*

852

gents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1971) explains that the applicability of procedural due process is not governed by a wooden distinction between rights and privileges and has emphasized that property interests protected by procedural due process extend beyond actual ownership of real estate, chattels, or money.

▮ The Court recognizes that a state legislature may adopt any reasonable method designed for the effective enforcement of the collection of taxes. *Tappan v. Merchants' National Bank*, 86 U.S. (19 Wall) 490, 22 L.Ed. 189 (1873). The legislature may also provide for the most summary measures for the enforcement of the collection of taxes without divesting a citizen of his property without due process of law. However, *before* a person is deprived of a protected interest, he must be afforded the opportunity for some kind of hearing "except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." *Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971).

▮ Even though the necessity of revenue for the support of the government does not always admit of the delay attendant upon proceedings in a court of justice, *Hagar v. Reclamation District*, 111 U.S. 701, 4 S.Ct. 663, 28 L.Ed. 569 (1883), notice prior to the termination of a protected interest has been consistently construed as the minimum due process guarantee. Perhaps as the case develops, the state interest in minimizing administrative costs, the existence of the prior judicial order, or the Plaintiff's acknowledgement of liability will show that the Plaintiffs' right to prior notice and the opportunity for hearing should be deemed less important than the government interest in the balancing required under the due process clause. In considering a Motion to Dismiss, however, the Court should not grant such a motion unless it appears that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

Whether Defendant has met the requirements of procedural due process in this instance is yet to be determined. Accordingly, Defendant's Motion to Dismiss is denied.